| UNITED STATES BANKRUPTCY COURT<br>NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Sevarino, Richard J.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **4868** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>**248 Fox Lane**<br>**Belvidere, Illinois**<br>ZIP CODE **61008-8218** | Street Address of Joint Debtor (No. and Street, City, and State):<br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Boone** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check **one** box.)

- [x] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check **one** box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Chapter 15 Debtors**

Country of debtor's center of main interests:

Each country in which a foreign proceeding by, regarding, or against debtor is pending:

**Tax-Exempt Entity** (Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code).

**Nature of Debts** (Check **one** box.)

- [x] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- [ ] Debts are primarily business debts.

**Filing Fee** (Check one box.)

- [x] Full Filing Fee attached.
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (*amount subject to adjustment on 4/01/16 and every three years thereafter*).

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- [ ] A plan is being filed with this petition.
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

**Estimated Number of Creditors**

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

**Estimated Assets**

| [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Estimated Liabilities**

| [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**B1 (Official Form 1) (04/13)** Sevarino, Richard J.

| Voluntary Petition | |
|---|---|
| *(This page must be completed and filed in every case.)* | |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.)

| Location Where Filed: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| Location Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.)

| Name of Debtor: **NONE** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities and Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b). |
| ☐  Exhibit A is attached and made a part of this petition. | X    **s/Henry Repay          December 12, 2013**<br>Signature of Attorney for Debtor(s)       (Date)<br>**Bar No.: 6199079** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☒  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☒  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): Sevarino, Richard J. |
| *(This page must be completed and filed in every case.)* | |

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. <br><br> [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. <br><br> [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). <br><br> I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X **s/Richard J. Sevarino** <br> Signature of Debtor **Richard J. Sevarino** <br><br> X _____ <br> Signature of Joint Debtor <br><br> _____ <br> Telephone Number (if not represented by attorney) <br> **December 12, 2013** <br> Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. <br><br> (Check only **one** box.) <br><br> ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. <br><br> ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. <br><br> X _____ <br> (Signature of Foreign Representative) <br><br> _____ <br> (Printed Name of Foreign Representative) <br><br> _____ <br> Date |

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|
| X **s/Henry Repay** <br> Signature of Attorney for Debtor(s) <br> **Henry Repay** <br> Printed Name of Attorney for Debtor(s) <br> **Law Offices of Henry Repay** <br> Firm Name <br><br> **930 W. Locust Street** <br> **Belvidere, Illinois 61008-4226** <br> Address <br> **(815) 547-3369** <br> Telephone Number <br> **December 12, 2013** <br> Date <br> **Bar No.: 6199079** <br> **Fax: (815) 544-5429** <br> **E-mail: RepayLawFirm@IThink2.net** <br><br> *In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached. <br><br> _____ <br> Printed Name and title, if any, of Bankruptcy Petition Preparer <br><br> _____ <br> Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) <br><br> _____ <br> Address <br><br> X _____ <br> Signature <br><br> _____ <br> Date |

| Signature of Debtor (Corporation/Partnership) | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor. <br><br> The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition. <br><br> X _____ <br> Signature of Authorized Individual <br><br> _____ <br> Printed Name of Authorized Individual <br><br> _____ <br> Title of Authorized Individual <br><br> _____ <br> Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above. <br><br> Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual. <br><br> If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person. <br><br> *A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

B6A (Official Form 6A) (12/07)

**In re** <u>Richard J. Sevarino,</u>_____    Case No. _____
**Debtor**                                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | Husband, Wife, Joint, or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Manufactured Home<br>248 Fox Lane<br>Belvidere, IL 61008<br>1980 Rochester<br>Single-Wide | Fee Simple Ownership | | $5,000.00 | $14,000.00 |
| | | Total ▶ | $5,000.00 | |

(Report also on Summary of Schedules.)

B 6B  (Official Form 6B) (12/2007)

In re  **Richard J. Sevarino,**_____          Case No. _____
                             Debtor                                                                    (If known)

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | Husband, Wife, Joint, Or Community | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | U.S. Bank Checking Acct. XXX8005 (Overdrawn) | | $0.00 |
| | | Chase Bank Checking Acct. 4457 | | $150.00 |
| **Notes:** | | | | |
| | | Chase Bank Savings Acct. XXX5067 | | $0.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | Security Deposit Com Ed | | $200.00 |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods and Furnishings | | $700.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Glassware, Figurines, Clocks and Coins | | $1,500.00 |
| 6. Wearing apparel. | | Wearing Apparel | | $25.00 |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | | Trumpet | | $100.00 |
| | | Gun | | $300.00 |

B 6B  (Official Form 6B) (12/2007)

In re  **Richard J. Sevarino,**_____          Case No. _____
                                    **Debtor**                                                            **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| | | | |
|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Allstate Universal Life Insurance Policy | $10,183.24 |
| 10. Annuities. Itemize and name each issuer. | X | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | IRA Chase Bank | $10.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | |
| 16. Accounts receivable. | X | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | |

B 6B  (Official Form 6B) (12/2007)

In re  **Richard J. Sevarino,**_____     Case No. _____
**Debtor**                                                                 (**If known**)

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| | | | |
|---|---|---|---|
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2000 Chrysler Town and Country (180,000 Miles) | $1,600.00 |
| 26. Boats, motors, and accessories. | X | | |
| 27. Aircraft and accessories. | X | | |
| 28. Office equipment, furnishings, and supplies. | X | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | |
| 30. Inventory. | X | | |
| 31. Animals. | X | | |
| 32. Crops - growing or harvested. Give particulars. | X | | |
| 33. Farming equipment and implements. | X | | |
| 34. Farm supplies, chemicals, and feed. | X | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | |

<u>2</u> continuation sheets attached          Total ▶

(Include amounts from any continuation
sheets attached. Report total also on
Summary of Schedules.)

|  |
|---|
| $14,768.24 |

B6C (Official Form 6C) (04/13)

In re  **Richard J. Sevarino,**                                    Case No. _____
                 <u>Debtor</u>                                                              **(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                                                      $155,675.*
☐  11 U.S.C. § 522(b)(2)
☒  11 U.S.C. § 522(b)(3)

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Chase Bank<br>Checking Acct. 4457 | 735 ILCS 5/12-1001(b) | $150.00 | $150.00 |
| Security Deposit<br>Com Ed | 735 ILCS 5/12-1001(b) | $200.00 | $200.00 |
| Household Goods and Furnishings | 735 ILCS 5/12-1001(b) | $700.00 | $700.00 |
| Glassware, Figurines, Clocks and Coins | 735 ILCS 5/12-1001(b) | $1,500.00 | $1,500.00 |
| Wearing Apparel | 735 ILCS 5/12-1001(a),(e) | $25.00 | $25.00 |
| Trumpet | 735 ILCS 5/12-1001(b) | $100.00 | $100.00 |
| Gun | 735 ILCS 5/12-1001(b) | $300.00 | $300.00 |
| Allstate Universal<br>Life Insurance Policy | 735 ILCS 5/12-1001(b) | $283.24 | $10,183.24 |
| 2000 Chrysler Town and Country<br>(180,000 Miles) | 735 ILCS 5/12-1001(c) | $1,600.00 | $1,600.00 |
| IRA Chase Bank | 735 ILCS 5/12-1006 | $10.00 | $10.00 |

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

B 6D (Official Form 6D) (12/07)

In re  Richard J. Sevarino                                      ,      Case No. _____
                          **Debtor**                                                                  **(If known)**

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER (*See Instructions Above.*) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **4115** <br> **Allstate Life Insurance Company** <br> **P.O. Box 12055** <br> **1819 Electric Rd. S.W.** <br> **Roanoke, VA 24018** <br> **Full Account No.: 748334115** | | | **Security Agreement** <br><br> **Allstate Universal Life Insurance Policy** <br><br> VALUE $   **$10,183.24** | | X | | **$8,487.78** | **$0.00** |
| ACCOUNT NO. <br> **The Carma Corporation d/b/a Dream Homes USA** <br> **1000 Chrysler Drive** <br> **Belvidere, IL 61008** | | | **3/19/2010** <br> Security Agreement <br><br> Manufactured Home <br> 248 Fox Lane <br> Belvidere, IL 61008 <br> See Attachment 1 <br> VALUE $   **$5,000.00** | | X | | **$14,000.00** | |

| | | |
|---|---|---|
| __0__ continuation sheets attached | Subtotal ▶ <br> (Total of this page) | $   **22,487.78**   \| $   **0.00** |
| | Total ▶ <br> (Use only on last page) | $   **22,487.78**   \| $   **0.00** |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data.) |

# Attachment

**Attachment 1**

**1980 Rochester
Single-Wide**

B 6E (Official Form 6E) (04/13)

**In re** <u>Richard J. Sevarino</u>                                ,          **Case No.** _____
                                  Debtor                                                         *(if known)*

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

TYPES OF PRIORITY CLAIMS (Check the appropriate box(es) below if claims in that category are listed on the attached sheets.)

☐  **Domestic Support Obligations**

   Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐  **Certain farmers and fishermen**

   Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**

   Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☒  **Taxes and Certain Other Debts Owed to Governmental Units**

   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507 (a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

   Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance.  11 U.S.C. § 507(a)(10).

*\* Amounts are subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

____<u>1</u>___ continuation sheets attached

B 6E (Official Form 6E) (04/13) – Cont.

In re  **Richard J. Sevarino**_____,    Case No. _____
                **Debtor**                                                                          **(if known)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
## (Continuation Sheet)

**Taxes and Certain Other Debts Owed to Governmental Units** Type of Priority for Claims Listed on This Sheet

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See instructions above.)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No.  **4868**<br><br>**Internal Revenue Service PO Box 7346 Philadelphia, PA 19101-7346 Full Account No.: xxx xx 4868** | | | **2011 and 2012 Income Taxes** | | X | | **$7,498.87** | **$7,498.87** | **$0.00** |
| | | | | | | | | | |
| | | | | | | | | | |

Sheet no. _1_ of _1_ continuation sheets attached to Schedule of Creditors Holding Priority Claims

| | | |
|---|---|---|
| Subtotals ► (Totals of this page) | $  **7,498.87** | $  **7,498.87**          **$0.00** |
| Total ► (Use only on last page of the completed Schedule E.  Report also on the Summary of Schedules.) | $  **7,498.87** | |
| Totals ► (Use only on last page of the completed Schedule E.  If applicable, report also on the Statistical Summary of Certain Liabilities and Related Data.) | | $  **7,498.87** $   **0.00** |

In re  **Richard J. Sevarino** _____,   Case No. _____
                    Debtor                                              (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER *See instructions above.* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.    1473**<br>**American Express**<br>**P.O. Box 981535**<br>**El Paso, TX 79998-1535**<br>**Full Account No.: 5-51000;**<br>**3499 9171 3888 1473** | | | **Miscellaneous Purchases** | | X | | **$2,259.00** |
| Additional Contacts for American Express (1473):<br><br>**Firstsource Advantage, LLC**<br>**205 Bryant Woods South**<br>**Amherst, NY 14228**<br><br>**GC Services**<br>**6330 Gulfton**<br>**Houston, TX 77081** | | | | | | | |
| **ACCOUNT NO.    1590**<br>**AT&T**<br>**P.O. Box 755**<br>**Atwater, CA 95301-0755**<br>**Full Account No.:**<br>**232019967428; 41523328;**<br>**14461590** | | | **Cell Phone Services** | | X | | **$569.83** |
| Additional Contacts for AT&T (1590):<br><br>**Southwest Credit**<br>**4120 International Pkwy,**<br>**Ste. 1100**<br>**Carrollton, TX 75007-1958**<br><br>**Bay Area Credit Service**<br>**1000 Abernathy Rd. NE**<br>**Atlanta, GA 30328** | | | | | | | |

                                                            Subtotal▶ | $ |  **2,828.83**

**7**  continuation sheets attached                           Total▶ | $ |

(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable, on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6F (Official Form 6F) (12/07) - Cont.

In re **Richard J. Sevarino** _____,        Case No. _____
               **Debtor**                                                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.    0994** <br> **Capital One** <br> PO Box 30285 <br> Salt Lake City, UT 84130-0285 <br> Full Account No.: 5291 1573 4416 0994 | | | Miscellaneous Purchases | | X | | $1,897.14 |
| **ACCOUNT NO.    8237** <br> **Chase Bank USA** <br> Cardmember Services <br> PO Box 15298 <br> Wilmington, DE 19850 <br> Full Account No.: 4185 5060 0516 8237 | | | Overdrawn Bank Account | | X | | $4,872.89 |
| Additional Contacts for Chase Bank USA (8237): <br><br> **United Collection Bureau Inc.** <br> 5620 Southwyck Blvd. <br> Toledo, OH 43614 | | | | | | | |
| **ACCOUNT NO.    9664** <br> **Citgo Consumer Card** <br> P. O. Box 6401 <br> Souix Falls, SD 57117 <br> Full Account No.: 651 145 104; CBD 003905787; 301-13119664 | | | Fuel Purchases | | X | | $1,215.58 |

Sheet no. __1__ of __7__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ **7,985.61**

Total►    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Richard J. Sevarino**_____,    Case No. _____
                    **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for Citgo Consumer Card (9664):** **CCSI** **PO Box 34119** **Memphis, TN 38184** **LTD Financial Services** **7322 Southwest Freeway** **Houston, TX 77074-2053** | | | | | | | |
| **ACCOUNT NO.** XXXX **Educational Financial Services** **24338 El Toro Rd., E 626** **Laguna Woods, CA 92637** **Full Account No.: 15XXXX** | | | **Debt Services** | | X | | $15.00 |
| **ACCOUNT NO.** 6248 **Enterprise Rent-A-Car Midwest** **Attn: Accts Receivable** **4509 Brady Street** **Davenport, IA 52806-4051** **Full Account No.: D530676-6248** | | | **Car Rental** | | X | | $74.66 |
| **Additional Contacts for Enterprise Rent-A-Car Midwest (6248):** **Enterprise** **2031 N. State Street** **Belvidere, IL 61008-2016** | | | | | | | |

Sheet no. __2__ of __7__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal► $ **89.66**

Total► $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re __Richard J. Sevarino_____,    Case No. _____
　　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　**(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**　　7811 <br> **EXXON Mobil** <br> P.O. Box 6404 <br> Sioux Falls, SD 57117 <br> Full Account No.: 7302 8240 <br> 8809 5883; 017267811 | | | **Gas Card** | | X | | $593.00 |
| Additional Contacts for EXXON Mobil (7811): <br><br> **Client Services** <br> 3451 Harry S. Truman Blvd. <br> St. Charles, MO 63301-4047 <br><br> **United Recovery Systems, LP** <br> 5800 North Course Drive <br> Houston, TX 77072 | | | | | | | |
| **ACCOUNT NO.** <br><br> **Invesco** <br> 1295 Rand Rd. <br> Des Plaines, IL 60016 | | | **Rent** | | X | | $1.00 |
| **ACCOUNT NO.**　　7117 <br> **Minnesota Life Insurance Company** <br> 400 Robert St. N. <br> St. Paul, MN 55101-2098 <br> Full Account No.: <br> 29661-800-1768917117 | | | **Life Insurance Policy Premium** | | X | | $186.04 |

Sheet no.__3__ of __7__ continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶ $ 　　**780.04**

Total▶ $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Richard J. Sevarino** _____ ,    Case No. _____
               **Debtor**    **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** 8590 <br> **Northwest Cardio-Vascular Assoc., SC** <br> **880 W. Central Road #7100** <br> **Arlington Heights, IL 60005-2379** <br> **Full Account No.: 38590** | | | **Medical Services** | | X | | **$4.12** |
| **ACCOUNT NO.** 6561 <br> **Northwest Community Healthcare** <br> **75709 Network Place** <br> **Chicago, IL 60673-1257** <br> **Full Account No.: 75926561** | | | **Medical Services** | | X | | **$34.80** |
| Additional Contacts for Northwest Community Healthcare (6561): <br><br> **Northwest Community Healthcare** <br> **PO Box 22215** <br> **Beachwood, OH 44122** | | | | | | | |
| **ACCOUNT NO.** 9023 <br> **Oxmoor House** <br> **PO Box 362990** <br> **Des Moines, IA 50336-2990** <br> **Full Account No.: 599849023** | | | **Miscellaneous Purchases** | | X | | **$26.90** |

Sheet no. **4** of **7** continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤    $      **65.82**

Total➤    $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re  **Richard J. Sevarino**                                      ,          Case No. _____
 

| | Debtor | | | | | | Case No. | | (if known) |

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.**      -PSH **PCS Stamps & Coins Customer Service 47 Richards Avenue Norwalk, CT 06857 Full Account No.: 1821411731-PSH** | | | **Miscellaneous Purchases** | | X | | **$52.00** |
| Additional Contacts for PCS Stamps & Coins (-PSH): **MBI, Inc 47 Richards Avenue Norwalk, CT 06857** | | | | | | | |
| **ACCOUNT NO.**      3168 **Professional Cardiac Services, LLC 520 E 22nd St Lombard, IL 60148-6110 Full Account No.: LOMB-L221 1033168** | | | **Medical Services** | | X | | **$115.00** |
| Additional Contacts for Professional Cardiac Services, LLC (3168): **State Collection Service 2509 S. Stoughton Rd. Madison, WI 53716** | | | | | | | |

Sheet no.___**5**___of___**7**___continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal➤  $                **167.00**

Total➤  $
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

In re **Richard J. Sevarino**_____,    Case No. _____
        **Debtor**                                                                 **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.    1367**<br><br>**Spring-Green**<br>**PO Box 2121**<br>**Loves Park, IL 61130**<br>**Full Account No.: 2881367** | | | **Lawn Services** | | X | | $31.85 |
| **ACCOUNT NO.    7838**<br>**Target Card Services**<br>**PO Box 1581**<br>**Minneapolis, MN 55440-1581**<br>**Full Account No.:**<br>**59706878-1-99; 55164-0378;**<br>**00013020951; 4352 3766 9289**<br>**7838** | | | **Miscellaneous Purchases** | | X | | $2,950.28 |
| **Additional Contacts for Target Card Services (7838):**<br><br>**I.C. System, Inc.**<br>**444 Highway 96 East**<br>**PO Box 64378**<br>**St. Paul, MN 55164-0378**   **CBE Group**<br>                             **1309 Technology Pkwy**<br>**CBE Group**                **Cedar Falls, IA 50613**<br>**PO Box 2547**<br>**Waterloo, IA 50704-2547** | | | | | | | |
| **ACCOUNT NO.    8148**<br><br>**The Bradford Exchange**<br>**Hawthorne Village Division**<br>**9210 North Maryland Street**<br>**Niles, IL 60714-1322**<br>**Full Account No.: 552428148** | | | **Miscellaneous Purchase** | | X | | $87.58 |

Sheet no. **6** of **7** continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

| | Subtotal► | $ | **3,069.71** |
|---|---|---|---|
| | Total► (Use only on last page of the completed Schedule F.) (Report also on Summary of Schedules and, if applicable on the Statistical Summary of Certain Liabilities and Related Data.) | $ | |

B 6F (Official Form 6F) (12/07) - Cont.

In re  **Richard J. Sevarino** _____ ,        Case No. _____
                    **Debtor**                                              **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Additional Contacts for The Bradford Exchange (8148):**<br><br>**Universal Fidelity**<br>**16325 Westheimer Rd.**<br>**Houston, TX 77082** | | | | | | | |
| ACCOUNT NO.    **8005**<br>**U.S. Bank**<br>**P.O. Box 790288**<br>**St. Louis, MO 63179-0288**<br>**Full Account No.: XXXXX8005** | | | **Overdrawn Bank Account** | | X | | **$4,551.39** |
| ACCOUNT NO.    **2043**<br>**US Bank**<br>**Cardmember Service**<br>**P.O. Box 6352**<br>**Fargo, ND 58125-6352**<br>**Full Account No.: 4037 8400 2940 0239; 4355 7785 6746 2043** | | | **Miscellaneous Purchases** | | X | | **$7,016.53** |
| | | | | | | | |

Sheet no. **7** of **7** continuation sheets attached
to Schedule of Creditors Holding Unsecured
Nonpriority Claims

Subtotal▶  $    **11,567.92**

Total▶  $    **26,554.59**
(Use only on last page of the completed Schedule F.)
(Report also on Summary of Schedules and, if applicable on the Statistical
Summary of Certain Liabilities and Related Data.)

B 6G (Official Form 6G) (12/07)

In re **Richard J. Sevarino,**                                              Case No. _____
                              **Debtor**                                                    **(if known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

B 6H (Official Form 6H) (12/07)

In re  **Richard J. Sevarino,**                                                Case No. _____
                              **Debtor**                                                              **(if known)**

# SCHEDULE H - CODEBTORS

☒ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

**Fill in this information to identify your case:**

Debtor 1 __Richard J. Sevarino__
First Name         Middle Name         Last Name

Debtor 2
(Spouse, if filing) First Name      Middle Name      Last Name

United States Bankruptcy Court for: __Northern District of Illinois__

Case number _____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
chapter 13 income as of the following date:
_____
MM / DD / YYYY

## Official Form B 6I

# Schedule I: Your Income

12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
| --- | --- |

1. **Fill in your employment information.**

   If you have more than one job, attach a separate page with information about additional employers.

   Include part-time, seasonal, or self-employed work.

   Occupation may Include student or homemaker, if it applies.

| | | Debtor 1 | Debtor 2 or non-filing spouse |
| --- | --- | --- | --- |
| Employment status | | ☐ Employed<br>☒ Not employed | ☐ Employed<br>☐ Not employed |
| Occupation | | _____ | _____ |
| Employer's name | | _____ | _____ |
| Employer's address | | _____<br>Number   Street<br><br>_____<br><br>_____<br>City         State     ZIP Code | _____<br>Number   Street<br><br>_____<br><br>_____<br>City         State     ZIP Code |
| How long employed there? | | _____ | _____ |

| Part 2: | Give Details About Monthly Income |
| --- | --- |

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
| --- | --- | --- | --- |
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | 2. $_____ | $ 0.00 |
| 3. | **Estimate and list monthly overtime pay.** | 3. + $_____ | + $ 0.00 |
| 4. | **Calculate gross income. Add line 2 + line 3.** | 4. $ 0.00 | $ 0.00 |

Debtor 1   **Richard J. Sevarino**
_____   _____   _____
First Name      Middle Name      Last Name

Case number (*if known*)_____

| | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|
| Copy line 4 here .................................................................➔ 4. | $ **0.00** | $ **0.00** |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $_____ | $ **0.00** |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $_____ | $ **0.00** |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $_____ | $ **0.00** |
| 5d. **Required repayments of retirement fund loans** | 5d. | $_____ | $ **0.00** |
| 5e. **Insurance** | 5e. | $_____ | $ **0.00** |
| 5f. **Domestic support obligations** | 5f. | $_____ | $ **0.00** |
| 5g. **Union dues** | 5g. | $_____ | $ **0.00** |
| 5h. **Other deductions.** Specify: _____ | 5h. | + $_____ | + $ **0.00** |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $ **0.00** | $ **0.00** |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $ **0.00** | $ **0.00** |

8. **List all other income regularly received:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm** | | | |
| Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $ **N/A** | $ **0.00** |
| 8b. **Interest and dividends** | 8b. | $ **N/A** | $ **0.00** |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive** | | | |
| Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ **N/A** | $ **0.00** |
| 8d. **Unemployment compensation** | 8d. | $ **0.00** | $ **0.00** |
| 8e. **Social Security** | 8e. | $ **1,903.00** | $ **0.00** |
| 8f. **Other government assistance that you regularly receive** | | | |
| Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: _____ | 8f. | $_____ | $ **0.00** |
| 8g. **Pension or retirement income** | 8g. | $ **N/A** | $ **0.00** |
| 8h. **Other monthly income.** Specify: _____ | 8h. | + $_____ | + $ **0.00** |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $ **1,903.00** | $ **0.00** |
| 10. **Calculate monthly income.** Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | $ **1,903.00** + | $ **0.00** = | $ **1,903.00** |

11. **State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____   11. + $ **0.00**

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data,* if it applies   12.   $ **1,903.00**

**Combined monthly income**

13. **Do you expect an increase or decrease within the year after you file this form?**
☒ No.
☐ Yes. Explain:

**Fill in this information to identify your case:**

Debtor 1    **Richard J. Sevarino**
First Name          Middle Name          Last Name

Debtor 2
(Spouse, if filing)    First Name          Middle Name          Last Name

United States Bankruptcy Court for : **Northern District of Illinois**

Case number
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13
expenses as of the following date:

MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2
maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct
information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number
(if known). Answer every question.

## Part 1:    Describe Your Household

1. **Is this a joint case?**

   ☒ No. Go to line 2.
   ☐ Yes. **Does Debtor 2 live in a separate household?**
       ☒ No
       ☐ Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**    ☒ No
   Do not list Debtor 1 and    ☐ Yes. Fill out this information for
   Debtor 2.                                each dependent..........................

   Do not state the dependents'
   names.

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
|---|---|---|
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |
| _____ | _____ | ☐ No  ☐ Yes |

3. **Do your expenses include
   expenses of people other than
   yourself and your dependents?**    ☒ No
                                                        ☐ Yes

## Part 2:    Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report
expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the
applicable date.

Include expenses paid for with non-cash government assistance if you know the value
of such assistance and have included it on *Schedule I: Your Income* (Official Form B 6I.)

| | Your expenses |
|---|---|
| 4. **The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot. | 4.   $253.69 |
| If not included in line 4: | |
| 4a.   Real estate taxes | 4a.   $5.75 |
| 4b.   Property, homeowner's, or renter's insurance | 4b.   $0.00 |
| 4c.   Home maintenance, repair, and upkeep expenses | 4c.   $0.00 |
| 4d.   Homeowner's association or condominium dues | 4d.   $0.00 |

Debtor 1 **Richard J. Sevarino** _____

First Name   Middle Name   Last Name

Case number (*if known*)_____

|  | Your expenses |
|---|---|

5. **Additional mortgage payments for your residence**, such as home equity loans    5. $0.00

6. **Utilities:**

  6a.  Electricity, heat, natural gas    6a. $**150.00**

  6b.  Water, sewer, garbage collection    6b. $0.00

  6c.  Telephone, cell phone, Internet, satellite, and cable services    6c. $**225.00**

  6d.  Other. Specify: _____    6d. $0.00

7. **Food and housekeeping supplies**    7. $**150.00**

8. **Childcare and children's education costs**    8. $0.00

9. **Clothing, laundry, and dry cleaning**    9. $**10.00**

10. **Personal care products and services**    10. $0.00

11. **Medical and dental expenses**    11. $**60.00**

12. **Transportation.** Include gas, maintenance, bus or train fare.
Do not include car payments.    12. $**100.00**

13. **Entertainment, clubs, recreation, newspapers, magazines, and books**    13. $**25.00**

14. **Charitable contributions and religious donations**    14. $0.00

15. **Insurance.**
Do not include insurance deducted from your pay or included in lines 4 or 20.

  15a.  Life insurance    15a. $**110.00**

  15b.  Health insurance    15b. $0.00

  15c.  Vehicle insurance    15c. $**112.00**

  15d.  Other insurance. Specify:_____    15d. $0.00

16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20.
Specify: _____    16. $0.00

17. **Installment or lease payments:**

  17a.  Car payments for Vehicle 1    17a. $0.00

  17b.  Car payments for Vehicle 2    17b. $0.00

  17c.  Other. Specify: **Income Tax Payment Plan** _____    17c. $**102.00**

  17d.  Other. Specify: _____    17d. $

18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).**    18. $0.00

19. **Other payments you make to support others who do not live with you.**
Specify:_____    19. $0.00

20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.***

  20a.  Mortgages on other property    20a. $0.00

  20b.  Real estate taxes    20b. $0.00

  20c.  Property, homeowner's, or renter's insurance    20c. $0.00

  20d.  Maintenance, repair, and upkeep expenses    20d. $0.00

  20e.  Homeowner's association or condominium dues    20e. $0.00

Debtor 1    **Richard J. Sevarino** _____    Case number *(if known)* _____
First Name        Middle Name        Last Name

---

21.  **Other**. Specify: **Lot Rent** _____    21.    +$ **450.00** _____

22.  **Your monthly expenses.** Add lines 4 through 21.
     The result is your monthly expenses.    22.    $ **1,753.44** _____

23.  **Calculate your monthly net income.**

23a.  Copy line 12 (*your combined monthly income*) from *Schedule I*.    23a.    $ **1,903.00** _____

23b.  Copy your monthly expenses from line 22 above.    23b.    − $ **1,753.44** _____

23c.  Subtract your monthly expenses from your monthly income.
      The result is your *monthly net income*.    23c.    $ **149.56** _____

24.  **Do you expect an increase or decrease in your expenses within the year after you file this form?**

     For example, do you expect to finish paying for your car loan within the year or do you expect your
     mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

     ☒ No.
     ☐ Yes.    Explain here:

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS

### WESTERN DIVISION

In re

**Richard J. Sevarino**                                ,

*Debtor*

Case No. _____

Chapter **7**_____

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $ 5,000.00 | | |
| B - Personal Property | YES | 3 | $ 14,768.24 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 2 | | $ 22,487.78 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 2 | | $ 7,498.87 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 8 | | $ 26,554.59 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 1,903.00 |
| J - Current Expenditures of Individual Debtors(s) | YES | 3 | | | $ 1,753.44 |
| TOTAL | | 24 | $ 19,768.24 | $ 56,541.24 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

# UNITED STATES BANKRUPTCY COURT

### NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re

**Richard J. Sevarino**_____,
                    *Debtor*

Case No. _____

Chapter **7**_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts.  You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $           0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $       7,498.87 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $           0.00 |
| Student Loan Obligations (from Schedule F) | $           0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $           0.00 |
| Obligations to Pension or  Profit-Sharing, and Other Similar Obligations (from Schedule F) | $           0.00 |
| TOTAL | $       7,498.87 |

**State the following:**

| | |
|---|---|
| Average Income  (from Schedule I, Line 12) | $       1,903.00 |
| Average Expenses (from Schedule J, Line 22) | $       1,753.44 |
| Current Monthly Income (from Form 22A Line 12; **OR**, Form 22B Line 11; **OR**, Form 22C Line 20 ) | $           0.00 |

**State the following:**

| | | |
|---|---|---|
| 1.  Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $           0.00 |
| 2.  Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column. | $       7,498.87 | |
| 3.  Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $           0.00 |
| 4.  Total from Schedule F | | $      26,554.59 |
| 5.  Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $      26,554.59 |

In re  __Richard J. Sevarino_____  ,    Case No. _____
                **Debtor**                                                    **(if known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

       I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __26__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date **December 12, 2013**_____    Signature: **s/Richard J. Sevarino**_____
                                                                  **Richard J. Sevarino** Debtor

Date _____    Signature: _____
                                                                  (Joint Debtor, if any)

                                  [If joint case, both spouses must sign.]

-------------------------------------------------------------------------------------------------------------------

### DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

      I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and  have provided the debtor with a copy of this document and the notices and information  required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); and, (3)  if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any,    Social Security No.
of Bankruptcy Petition Preparer    *(Required by 11 U.S.C. § 110.)*

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social security number of the officer, principal, responsible person, or partner who signs this document.*

_____
_____
_____
Address

X _____    _____
  Signature of Bankruptcy Petition Preparer    Date

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document, unless the bankruptcy petition preparer is not an individual:

*If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.*

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156.*
-------------------------------------------------------------------------------------------------------------------

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

      I, the _____ [the president or other officer or an authorized agent of the corporation or a member or an authorized agent of the partnership ] of the _____ [corporation or partnership] named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____ sheets (*Total shown on summary page plus 1*), and that they are true and correct to the best of my knowledge, information, and belief.

Date _____

                                       Signature: _____

                                             _____
                                           [Print or type name of individual signing on behalf of debtor.]

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*
-------------------------------------------------------------------------------------------------------------------
*Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C. §§ 152 and 3571.*

B 1D (Official Form 1, Exhibit D) (12/09)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

In re Richard J. Sevarino _____   Case No. _____
                    Debtor

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

❏ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**B 1D** (Official Form 1, Exh. D) (12/09) – Cont.

❑ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

❑ 4. I am not required to receive a credit counseling briefing because of:

❑ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
❑ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.**);**
❑ Active military duty in a military combat zone.

❑ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. ' 109(h) does not apply in this district**.**

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  s/Richard J. Sevarino _____

Date: December 12, 2013

B 7 (Official Form 7) (04/13)

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

In re: Richard J. Sevarino _____     Case No _____
                          Debtor                                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS

**1. Income from employment or operation of business**

None
☒

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

              AMOUNT                              SOURCE

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

              AMOUNT                              SOURCE

Debtor:
      Current Year (2013):
      $24,094.80                           Social Security Disability


      Previous Year 1 (2012):
      $23,698.80                           Social Security Disability
      $25,704.20                           IRA Distributions (Chase)


      Previous Year 2 (2011):
      $22,874.40                           Social Security Disability
      $32,898.36                           IRA Distribution (Chase)


Joint Debtor:
      N/A

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None
☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| Debtor:<br>Carma Corporation<br>700 Chrysler Drive<br>Belvidere, Illinois 61008 | Monthly | $761.07 | $14,000.00 |
| The Four Seasons<br>700 West Chrysler Drive<br>Belvidere, Illinois 61008 | Monthly | $1,350.00 | $0.00 |

None
☒

b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less $6,225*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
☒

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None
☒

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)separated and a joint petition is not filed.)

---

* *Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None ☒

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**5. Repossessions, foreclosures and returns**

None ☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**6. Assignments and receiverships**

None ☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**7. Gifts**

None
☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Debtor: | | |
| Law Offices of Henry Repay | 3/26/2013 | $250.00 |
| 930 W. Locust St. | 4/13/13 | $100.00 |
| Belvidere, Illinois 61008 | 7/26/13 | $250.00 |
| | 8/24/13 | $250.00 |
| | 9/20/13 | $250.00 |
| | 10/21/13 | $211.00 |
| | | Attorney Fees, Filing Fee and Prefiling Counseling |
| Debt Consolidation Educational Financial Services | Monthly | $459.00 |

**10. Other transfers**

None
☒

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
| --- | --- | --- |

---

**11. Closed financial accounts**

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |
| Debtor: Chase Bank | Type of Account:  IRA | $0.00 |
| | Account Number: 2711 and  2713 | 2012 |
| , | Final Balance: $21,674.44 | |

---

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

---

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

|  | DATE OF | AMOUNT |
|---|---|---|
| NAME AND ADDRESS OF CREDITOR | SETOFF | OF SETOFF |

### 14. Property held for another person

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None
☒

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites. "

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None
☒

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|

None ☒    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

        NAME                       ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

       *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None ☒    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

        NAME AND ADDRESS                           DATES SERVICES RENDERED

None ☒    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

        NAME                       ADDRESS                  DATES SERVICES RENDERED

None ☒    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

        NAME                       ADDRESS

None ☒    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

        NAME AND ADDRESS                           DATE ISSUED

---

**20. Inventories**

None ☒    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis) |
|---|---|---|

None
☒

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| DATE OF INVENTORY | NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS |
|---|---|

---

### 21. Current Partners, Officers, Directors and Shareholders

None
☒

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

None
☒

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

---

### 22. Former partners, officers, directors and shareholders

None
☒

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None
☒

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

---

### 23 . Withdrawals from a partnership or distributions by a corporation

None

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider,

☒ including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

**24. Tax Consolidation Group.**

None
☒

If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION        TAXPAYER-IDENTIFICATION NUMBER (EIN)

---

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND        TAXPAYER-IDENTIFICATION NUMBER (EIN)

* * * * * *

---

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  December 12, 2013 _____   Signature of Debtor   s/Richard J. Sevarino _____

Date  _____   Signature of Joint Debtor (if any)   _____

0 continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

In re   Richard J. Sevarino _____          Case No. _____
                    Debtor                                                          Chapter 7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A –** Debts secured by property of the estate. *(Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)*

| Property No. 1 | |
|---|---|
| **Creditor's Name:**<br><br>The Carma Corporation | **Describe Property Securing Debt**:<br><br>Manufactured Home<br>248 Fox Lane<br>Belvidere, IL 61008<br>1980 Rochester<br>Single-Wide |

Property will be *(check one)*:
    ☐ Surrendered        ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☒ Reaffirm the debt
    ☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is *(check one)*:
    ☐ Claimed as exempt      ☒ Not claimed as exempt

| Property No. 2 | |
|---|---|
| **Creditor's Name:**<br><br>Allstate Life Insurance Company | **Describe Property Securing Debt**:<br><br>Allstate Universal<br>Life Insurance Policy |

Property will be *(check one)*:
    ☐ Surrendered        ☒ Retained

If retaining the property, I intend to *(check at least one)*:
    ☐ Redeem the property
    ☐ Reaffirm the debt
    ☒ Other.  Explain Continue Loan.

Property is *(check one)*:
    ☒ Claimed as exempt      ☐ Not claimed as exempt

B 8 (Official Form 8) (12/08)                                                                                    Page 2

**PART B** – Personal property subject to unexpired leases. *(All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)*

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>None | **Describe Leased Property:** | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES        ☐ NO |

**I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.**

Date: December 12, 2013                          s/Richard J. Sevarino

                                                 Signature of Debtor



                                                 _____

                                                 Signature of Joint Debtor

# Attachment

**Attachment 1**

      **The Carma Corporation**

      **Manufactured Home
248 Fox Lane
Belvidere, IL 61008
1980 Rochester
Single-Wide**

**Attachment 2**

      **Allstate Life Insurance Company**

      **Allstate Universal
Life Insurance Policy**

B 203
(12/94)

# United States Bankruptcy Court

## NORTHERN DISTRICT OF ILLINOIS

## WESTERN DIVISION

In re

    **Richard J. Sevarino**

                                                        Case No. _____

**Debtor**                                         Chapter **7**_____

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.SC. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,000.00**_____

    Prior to the filing of this statement I have received  . . . . . . . . . . . . . . . . . . . . . . . . . . $ **1,000.00**_____

    Balance Due  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ **0.00**_____

2. The source of the compensation paid to me was:

    [X] Debtor          [ ] Other (specify)

3. The source of compensation to be paid to me is:

    [ ] Debtor          [ ] Other (specify)

4. [X] I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    [ ] I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

    b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

**DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR (Continued)**

    d.  ~~Representation of the debtor in adversary proceedings and other contested bankruptcy matters;~~ ------------------------------------

    e.  [Other provisions as needed]

**Applicable to Post-Petition Chapter 7 Services:  $75.00 for each amendment to Schedules; $75.00 for preparation and filing of motion for court approval of reaffirmation agreement and attendance at hearing if required by the court; $200.00 per hour plus costs (when applicable) for all other representation.**

6.  By agreement with the debtor(s), the above-disclosed fee does not include the following services:

**Representation does not include discharge or dischargeability proceedings, redemption proceedings, dismissal proceedings, reinstatement proceedings, judicial lien avoidances, post-petition amendments, relief from stay actions, adversary proceedings, attendance at continued meeting of creditors or preparation of motion to approve reaffirmation agreement.**

---

CERTIFICATION

    I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

**December 12, 2013**
       *Date*

               **s/Henry Repay**
               **Henry Repay**
               *Signature of Attorney*

             **Law Offices of Henry Repay**
               *Name of law firm*